**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**
**ST. PAUL DIVISION**

| | |
|---|---|
| **KENDAL CHAMBERS and LANA CHAMBERS**, individually and as Natural Parents and Next Friends of **ELLIOTT CHAMBERS**, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>**DANA BABBITT**, in his official capacity as Principal of Woodbury High School, and **INDEPENDENT SCHOOL DISTRICT NO. 833, SOUTH WASHINGTON COUNTY,**<br><br>Defendants. | Case No. 01 CV 569 DWF/AJB |

---

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

---

The above-entitled matter came before the undersigned United States District Judge pursuant to the joint motion of the parties. The Court having considered the matter, and the fact that the parties have consented thereto, enters the following order.

**FINDINGS OF FACT**

1. This is a 42 U.S.C. Section 1983 civil rights action challenging the constitutionality of various policies governing expressive student conduct at a public high school. The action was filed on April 2, 2001.

2. Plaintiffs are a student at Woodbury High School, Elliott Chambers, and his parents, Kendal and Lana Chambers.

EXHIBIT A

3. Defendants are the principal of Woodbury High School, Dana Babbitt, and Independent School District No. 833, within which Woodbury High is located.

4. On January 16, 2001, Elliott wore a sweatshirt to school that was emblazoned with

FILED JAN 02 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

the message "Straight Pride." On the back of the sweatshirt is a symbol of a man and a woman holding hands.

5. On January 17, 2001, Principal Babbitt informed Elliott that he could not wear the shirt because it violated the Woodbury High School dress code.

6. The dress code at Woodbury High School for the 2000-2001 school year states that:

> **DRESS GUIDELINES**
>
> Students may not wear items with unacceptable writing or graphic depictions which offend anyone or distract from the educational experience of students at Woodbury High School. Unacceptable writing or graphic descriptions are those which are commonly accepted as vulgar, obscene, or socially demeaning or derogatory. Clothing which displays weapons or portrays death will not be allowed. Clothing or jewelry items which advocate use, misuse, or abuse of controlled substances and/or alcohol are also not acceptable. This would include advertising and trademarks for alcohol, tobacco, and related companies, as to the promotion of any activities that are illegal for students, such as gambling or gang affiliations.

7. The Court heard argument on Plaintiffs' motion for preliminary injunction on May 15, 2001, and, by order entered May 17, 2001, preliminarily enjoined the school from preventing Elliott from wearing the shirt.

**CONCLUSIONS OF LAW**

1. It has long been recognized that students do not "shed their constitutional rights to freedom of speech at the school house gate." *Tinker v. Des Moines Indep. Community Sch. Dist.*, 393 U.S. 503, 506 (1969).

2. A student's rights are not absolute in the secondary school context and must be "applied in light of the special circumstances of the school environment." *Id.* A school may prohibit otherwise constitutionally protected expression if there is a reasonable belief that such expression could "materially and substantially interfere with the work of the school or impinge on the rights of other students." *Id at* 509. A reasonable belief must be substantiated by facts that

"might reasonably have led school authorities to forecast substantial disruption of or material interference with school activities." *Id at* 514.

3. In contrast, an "undifferentiated fear or apprehension of a disturbance is not enough to overcome a student's right of freedom of expression." *Id at* 508.

4. In prohibiting Elliott Chambers from wearing a sweatshirt to school that was emblazoned with the message "Straight Pride," the Defendants failed to demonstrate that there was a reasonable belief that such expression could lead to substantial disruption of the school environment or material interference with school activities. Thus, based upon the circumstances that existed as of January 17, 2001, the Defendants violated Elliott Chambers' constitutional right to freedom of expression.

5. The Woodbury High School dress code prohibits a substantial amount of protected speech. *See Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973).

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that

1. The Woodbury High School dress code is unconstitutional, both on its face and as applied to Elliott Chambers on January 17, 2001.

2. Defendants are hereby permanently enjoined from applying the Woodbury High School dress code in effect for the 2000-2001 school year in the future.

DONOVAN W. FRANK
Judge of the United States District Court